UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MORRIS L. HARRIS, JR.

    Plaintiff,

v.                                                              Case No. 23-CV-320

NATHAN TAPIO, *et al.*,

    Defendants.

## ORDER

On March 11, 2024, *pro se* plaintiff Morris L. Harris, Jr. filed a motion asking the court to reconsider its amended scheduling order dated February 14, 2024, (ECF No. 23), and informing the court that he has not received its decision on the defendants' motion for partial summary judgment on exhaustion grounds. (ECF No. 24.) Harris objects to the resetting of the discovery deadlines because he doesn't feel it is necessary. However, there are many reasons the court reset the case deadlines as it did, including managing the court's own calendar and caseload. Harris's motion is denied. The court will also direct the Clerk of Court's office to send him its decision on the defendants' motion for partial summary judgment on exhaustion grounds.

Harris also asks the court to appoint him a lawyer to assist with his case. In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding

whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of pro bono counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. *Watts v. Kidman*, No. 21-1055, 2022 WL 3038877, at *6 (7th Cir. Aug. 2, 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. Harris submitted names and phone numbers of several lawyers he contacted, which satisfies the first prong, albeit barely. (ECF No. 22-1.)

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Eagan*, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual

competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett* 930 F.3d at 871.

Here, the plaintiff indicates that he is receiving cancer treatment, which adversely impacts his ability to litigate. For now, however, I cannot conclude that litigating his case would be unduly difficult. The next state will likely be a response to the defendants' motion for summary judgment. The plaintiff will merely have to describe what happened to him, and he may dispute the defendants' version of events. A *pro se* plaintiff does not need to be an expert in the law, but merely able to set forth his own facts. As such, I will deny the plaintiff's request for counsel without prejudice. If circumstances change, the plaintiff may renew his motion.

3

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Harris's motion for reconsideration of the scheduling order and for counsel to be appointed (ECF Nos. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court's office mail Harris a copy of its decision and order on the defendants' motion for partial summary judgment on exhaustion grounds. (ECF No. 22.)

Dated in Milwaukee, Wisconsin this 15th day of May, 2024.

STEPHEN DRIES
United States Magistrate Judge

4