UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**MORRIS L. HARRIS,**

    **Plaintiff,**

v.                                    Case No. 23-CV-320

**NATHAN TAPIO,** *et al.***,**

    **Defendants.**

## ORDER

    On September 15, 2024, the defendants filed a motion for summary judgment on the merits. (ECF No. 29.) Pursuant to Civil Local Rule 15(b)(2), and a Notice and Order issued by the court on September 23, 2024, *pro se* plaintiff Morris L. Harris had until October 23, 2024, to respond to the defendants' motion for summary judgment. (ECF No. 39.) The court cautioned Harris that if he failed to respond to the summary judgment motion, the court would accept all facts asserted by the defendants as true and likely grant their motion. This order was returned to the court as undeliverable because Harris was no longer in custody and did not update his address with the court.

    On October 24, 2024, the defendants filed a motion to dismiss based on Harris's failure to respond to their motion for summary judgment. The court has not heard from Harris. As such, the court will construe the defendants' motion for summary

judgment as unopposed. The court has reviewed the defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that they are entitled to summary judgment on the merits. Based on the undisputed facts, it is clear that the defendants did not violate Harris's Eighth Amendment rights by failing to properly treat his toenails. Accordingly, the court grants the defendants' motion for summary judgment and motion to dismiss. The case is dismissed.

**IT IS THEREFORE ORDERED** the defendants' motion for summary judgment (ECF No. 29) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss (ECF No. 43) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court

cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 12th day of November, 2024.

STEPHEN DRIES
United States Magistrate Judge